UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIAM W. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-507-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The parties have submitted competing memoranda, disputing the applicable standard of review for this action governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff William Martin ("Martin") asserts that the Court should conduct a *de novo* review of Defendant The Guardian Life Insurance Company of America's ("Guardian") denial of his claim for long-term disability ("LTD") benefits. [Record No. 47] Guardian contends that the Court should apply an arbitrary and capricious standard of review. [Record No. 48] Having reviewed the parties' arguments and the applicable authority, the Court concludes that an arbitrary and capricious standard of review applies here.

**I.**

Martin was an employee of Copper River Management Company through which he obtained a policy of long-term disability ("LTD") insurance from Guardian. [Record No. 1-2] After becoming unable to work, he applied for and received short-term disability ("STD") benefits from Guardian from August 12, 2017, through February 9, 2018. Martin subsequently applied for LTD benefits, which were approved per a letter dated May 1, 2018. Guardian paid

Martin LTD benefits from February 10, 2018, through February 10, 2020. However, in a letter dated March 4, 2020, Guardian advised Martin that LTD benefits were denied beyond February 10 because he was no longer disabled. Guardian denied Martin's administrative appeal.

Martin now seeks relief pursuant to the ERISA civil enforcement provision, section 502(a)(1)(B), which is codified at 29 U.S.C. § 1132(a)(1)(B). "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "When such authority is granted, the highly deferential arbitrary and capricious standard of review is appropriate." *Castor v. AT&T Umbrella Benefit Plan No. 3*, 728 Fed. App'x 457, 463 (6th Cir. 2018) (internal citations and quotations omitted).

The Group Long Term Disability Plan at issue specifies:

> Guardian is the Claims Fiduciary with discretionary authority to interpret and construe the terms of the Policy, the Certificate, the Schedule of Benefits, and any riders, or other documents or forms that may be attached to the Certificate or the Policy, and any other plan documents. Guardian has discretionary authority to determine eligibility for benefits and coverage under those documents. Guardian has the right to secure independent professional healthcare advice and to require such other evidence as is needed to decide your claim.

[Administrative Transcript, "AR," 266]

Martin acknowledges that the above language suggests that the arbitrary and capricious standard of review applies. He contends, however, that Guardian's failure to adhere to the terms of the policy, consistent with the claims procedure rules set forth in 29 C.F.R. § 2560.503-1, entitles him to *de novo* review.

Martin's argument is based on what he maintains was Guardian's untimely denial of his claim. After receiving notice that his benefits were being terminated, Martin notified Guardian of his desire to appeal its decision, which Guardian acknowledged on June 19, 2020. [AR 2837] Guardian indicated that it would issue a ruling within 45 days (i.e., by August 2, 2020), but that it might need additional time to complete its review. If that happened, it would notify Martin in writing. *Id.*

Guardian issued a letter to Martin on July 31, 2020, indicating that it had sent copies of certain medical records to his treating providers for review but had not received responses. Since the initial 45-day review period was scheduled to expire on August 2, 2020, Guardian was notifying Martin of its election to extend the review period for another 45 days. Accordingly, the review period would expire on September 15, 2020. [AR 2846]

Guardian contacted Martin's attorney on September 14, 2020, stating that it still had not received a response from one of his treating physicians and requested an extension of time to obtain a response from Dr. Brown. [AR 556] Correspondence from Guardian dated September 14, 2020, indicates that counsel agreed to an extension through October 29, 2020. [AR 2882] Martin disputes this assertion, contending that he only agreed to an extension until Guardian received a response from Dr. Brown. [Record No. 24, p. 3] Guardian received a response from Dr. Brown on September 28, 2020, in which Brown reported that Martin was unable to perform sedentary work on a full-time basis. [AR 2883; 2905-06]

Guardian contacted Martin's attorney on October 1, 2020, and asked whether Martin would agree to undergo an independent medical examination ("IME"). [AR 558] Martin did not undergo an IME, but Guardian had his case reviewed by two independent peer physicians, each of whom concluded that Martin *was* able to perform sedentary work. [AR 2971-2985]

On October 22, 2020, Guardian asked Martin's attorney for another extension. [AR 2987-88] Although he was aware Guardian had received Dr. Brown's response, Martin's attorney advised Guardian that Martin would decide whether to grant an extension after reviewing the reports of the independent peer physicians. [*See* Record No. 47, p. 4.]

Having received the reports on October 26, Martin's lawyer responded to Guardian on October 29, declining to agree to an extension. [AR 3010-3013] Martin also argued that since only one day remained under the second 45-day review period, Guardian's decision had been due the day after it received Dr. Brown's response, i.e., September 29, 2020.[1] In a letter dated November 6, 2020, Guardian upheld its decision denying Martin's claim for LTD benefits. [AR 3171] Martin filed this action on November 16, 2020.

**II.**

Title 29 C.F.R. § 2560.503-1 sets forth the minimum claims procedures to be followed in administrative actions involving ERISA plans. The parties do not identify the precise date that Martin filed his LTD benefits claim, but based on a review of the record, it appears he filed the claim on or about February 13, 2018. [*See* AR 3159.] This means his claim is governed by the version of the regulation applicable to claims filed after January 1, 2002, but before April 1, 2018. *See Smith v. Hartford Life & Acc. Ins. Co.*, 421 F. Supp. 3d 416, 419 (E.D. Ky. 2019) (explaining "filing" of a claim for purposes of § 2560.503-1).

Among other requirements, a claimant requesting further administrative review of a benefit determination is entitled to a decision within 45 days unless the administrator provides

---

[1] Martin appears to concede that the period from September 14, 2000, through September 28, 2000, was tolled while Guardian was awaiting Dr. Brown's response. *See* § 2560.503-1(i)(4). [*See* Record No. 47, pp.5-6.]

notice within the initial 45-day period that an extension is necessary. § 2560.503-1(i)(1)(i), (i)(3)(i) (2002). "The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review." The regulation also provides that, "[i]n no event shall such extension exceed a period of [45] days from the end of the initial period." *Id.*

It appears that Guardian did not strictly comply with the regulation because the second extension exceeded a period of 45 days from the end of the first. The question is whether this impacts the standard of review. The relevant version of the regulation indicates that it does not. It states:

> Failure to establish and follow reasonable claims procedures: In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

§ 2560.503-1(*l*) (2002).[2]

This Court has repeatedly reached the same conclusion in light of the binding precedent in *Daniel v. Eaton Corporation*, 839 F.2d 263, 267 (6th Cir. 1988), which explained that an administrator's failure to act on a claimant's appeal does not impact the standard of review. *See, e.g., Smith Johnson v. Life Ins. Co. of N.A.*, 2017 WL 412632, at *2 (E.D. Ky. Jan. 30, 2017). Instead, a plaintiff's remedy for a violation of these provisions is to consider his

---

[2]     While the 2002 version of the regulation says nothing about the applicable standard of review, more recent iterations add that "the claim or appeal is deemed denied on review *without the exercise of discretion by an appropriate fiduciary*." *See* § 2560.503-1(*l*)(2)(i) (2018) (emphasis added). The Court declines to reach a conclusion on whether the current version of the provision could require *de novo* review under the facts of Martin's case.

administrative remedies exhausted and pursue relief in court. Martin chose not to deem his administrative remedies exhausted and continued to pursue administrative relief beyond September 29, 2020.

Martin relies on the recent decision in *Bustetter v. Standard Insurance Co.*, 2021 WL 1198305 (E.D. Ky. Mar. 29, 2021), in which another judge of this Court departed from *Daniel* and concluded that *de novo* review applied in an analogous situation.[3] In so doing, the *Bustetter* court cited the preamble to the 2002 regulation which explains that the "Department [of Labor's] intentions in including [subsection (*l*)] in the proposal were to clarify that the procedural minimums of the regulation are essential to procedural fairness and that a decision made in the absence of the mandated procedural protections should not be entitled to any judicial deference." *Id.* at *7 (quoting ERISA Rules and Regulations for Administration and Enforcement; Claims Procedures, 65 Fed. Reg. 70246, 70255 (Nov. 21, 2000)). The court also observed that three federal circuits had held that subsection (*l*), when triggered, requires a *de novo* review of the administrator's decision. 2021 WL 1198305, at *6 (citing *Fessenden v. Reliance Std. Life Ins. Co.*, 927 F.3d 998, 1001-03 (7th Cir. 2019); *Halo v. Yale Health Plan*, 819 F.3d 42, 53 (2d Cir. 2016); *LaAsmar v. Phelps Dodge Corp. Life*, 605 F.3d 789, 798-99 (10th Cir. 2010)).

---

[3]   Guardian's memorandum assumes that this Court will apply the holding in *Bustetter*, but seeks to distinguish it by arguing that its violations were de minimis, non-prejudicial, based on good cause, and therefore excused by § 2560.503-1(*l*)(2) (2018). The Court agrees that Guardian's violations were minimal and did not prejudice Martin because he was in continual contact with Guardian and, for the most part, did not contemporaneously object to the extensions. However, this does not factor into the Court's analysis since subsection (*l*)(2) is not part of the 2002 regulation.

The undersigned notes that district court judges are not bound by previous decisions of other judges within the same district. *Ohio A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 513 n.4 (6th Cir. 2019) (citing *Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011)). *Bustetter* and the decisions upon which it relies rest heavily upon on the Supplementary Information accompanying the 2002 amendments to § 2560.503-1. Such information is separate from the text of the rule itself and does not have the force of law. *See United States v. Caseer*, 399 F.3d 828, 838-38 (6th Cir. 2005). While such information can be helpful in resolving textual ambiguities, the *Bustetter* court used it to add language to the regulation that was not there. *See, e.g. Ohio Dep't of Medicaid v. Price*, 864 F.3d 469, 489 (6th Cir. 2017) (J. Clay, dissenting) (observing that preamble to final rule may be evidence of content or agency intent in *resolving ambiguity* in regulation) (emphasis added) (abrogated on other grounds by *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019)).

The Court acknowledges that there are valid arguments in favor of altering the standard of review when claims administrators fail to abide by claims processing rules. *See University Hosps. Of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 n.3 (6th Cir. 2000) (observing, in dicta, that "there is undeniable logic in the view that a plan administrator should forfeit deferential review by failing to exercise its discretion in a timely manner"). However, as this Court has previously concluded, *Daniel* remains binding precedent with respect to claims filed before April 1, 2018. *See, e.g., Johnson*, 2017 WL 412632; *Hatfield v. Life Ins. Co. of N. Am.*, 2015 WL 5722791 (E.D. Ky. Sept. 25, 2015); *Van Winkle v. Life Ins. Co. of N. Am.*, 944 F. Supp. 2d 558 (E.D. Ky. 2013). Because § 2560.503-1(*l*) has no effect on the standard of review in this case, the Court will apply the arbitrary and capricious standard to its review of Guardian's denial of Martin's LTD claim.

**III.**

Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to apply *de novo* review [Record No. 47] is **DENIED**. The arbitrary and capricious standard of review will apply to the defendant's administrative decision.

Dated: June 15, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky