UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WILLIAM W. MARTIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 20-507-DCR |
| ) | |
| V. ) | |
| ) | |
| THE GUARDIAN LIFE INSURANCE ) | **MEMORANDUM OPINION** |
| COMPANY OF AMERICA, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter came before the Court when Plaintiff William W. Martin filed an appeal of Guardian's denial of long-term disability benefits under a plan governed by the Employee Retirement Income Security Act ("ERISA"). The parties filed cross-motions for judgment and the Court ruled in favor of Guardian, finding that its decision to deny benefits was neither arbitrary nor capricious. [Record No. 69] Guardian has now filed a motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), 28 U.S.C. § 1927, and Local Rule 54.4. [Record No. 73] Having reviewed the applicable considerations, Guardian's motion for attorneys' fees will be denied.

ERISA provides that, in any action brought under § 1132, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Court may award fees and costs "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Ins. Co.*, 560 U.S. 242, 245 (2010). While Guardian has achieved success on the merits, the Court's inquiry does not

end there. The Court also considers the following factors in determining whether attorneys' fees should be granted under ERISA:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). These factors are flexible and none is necessarily dispositive. *See Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (citing *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998)).

Guardian contends that the first factor is satisfied based on Martin's "clear lack of disability," as evidenced by his treating physicians' reports, surveillance footage, and an adverse ruling with respect to his application for Social Security disability. However, while the Court determined that Guardian's denial of benefits was supported by substantial evidence, Martin's position was not entirely without support. Dr. Frank Burke and physical therapists Hagan Ray and Stephanie Turner opined that Martin was unable to perform even sedentary work on a full-time basis. And although surgery was not recommended, MRI imaging revealed that Martin had some degree of spinal degeneration.

Guardian also relies on *Moore v. Lafayette Life Insurance Co.*, 458 F.3d 416, 445 (6th Cir. 2006), in which the Sixth Circuit affirmed the district court's award of attorneys' fees to the defendant. While the plaintiff presented a colorable claim for benefits, he also asserted a number of "near frivolous" claims and refused to dismiss claims even after it became clear that a particular defendant was not the proper defendant. Moore also unnecessarily prolonged litigation by filing unreliable briefs, pursuing arguments that had been rejected by the court,

and "improperly took quotations out of context and made strained arguments based upon such misinterpreted citations." *Id.*

Unlike the plaintiff in *Moore*, there is no indication that any of Martin's motions in this case were filed in bad faith. Although the Court ultimately denied the motion, Martin presented a non-frivolous argument for striking portions of the administrative record based on Guardian's failure to issue a timely decision under ERISA. *See Soltysiak v. UNUM Provident Corp.*, 531 F. Supp. 2d 816, 819-20 (W.D. Mich. 2008) (citing 29 U.S.C. § 2560.503-1(i)(3)(4)). Likewise, Martin reasonably (but incorrectly) argued that this Court should apply *de novo* review following the March 2021 decision in *Bustetter v. Standard Ins. Co.*, 529 F. Supp. 3d 693 (E.D. Ky. 2021).

Contrary to Guardian's assertion, there is insufficient information to conclude that Martin's failure to participate in an independent medical examination ("IME") at Guardian's request was in bad faith. As stated in the Memorandum Opinion and Order affirming denial of benefits, "Martin expressed hesitation about attending an examination at an unknown location during the COVID-19 pandemic." [Record No. 69, p. 10] Guardian construed this as Martin's refusal to attend an IME and proceeded with an independent peer review based on a paper review of the medical evidence.

Additionally, the Court does not find support for Guardian's assertion that Martin granted it an extension during the administrative appeal but then attempted to "cut Guardian's extension short and gain an advantage in litigation by doing so." The portions of the record cited by Guardian indicate simply that Martin declined to grant an *additional* extension of the period for review of the benefits determination. [*See* Record No. 73, p. 4 n.3.] The Court also notes that Martin was forced to file a motion to compel when Guardian refused to provide

discovery materials to which he was clearly entitled under established case law. [*See* Record No. 43.] Accordingly, this factor weighs against awarding attorneys' fees.

The second factor also weighs against granting the defendant's motion. The plaintiff does not have the ability to pay the $137,949.94 in requested attorneys' fees. He has provided an affidavit stating that he: (1) has not worked since August 1, 2017; (2) is the father of a minor child; (3) has no other income besides a monthly Veteran Affairs benefit of $756.77; and (4) has less than $1,500.00 in his bank accounts.

Guardian suggests requiring Martin's attorney to bear the cost of its attorneys' fees, at least in part, as a sanction under 28 U.S.C. § 1927. While the Sixth Circuit approved this practice in *Moore*, 458 F.3d 416 (6th Cir. 2006), the district court in that case had determined that the plaintiff, through counsel, had multiplied the proceedings unreasonably and vexatiously. This included mischaracterizing the record and relentlessly pursuing arguments the court had already rejected. While Martin's attorney pursued arguments that ultimately were unsuccessful, his conduct was not similar to that of the plaintiff's attorney in *Moore* and Guardian has not demonstrated that there is a basis for imposing fees under § 1927.

The Court also considers the deterrent effect of an award on other persons under similar circumstances. Although the Court found that Martin's claim could not survive Guardian's motion for judgment, awarding attorneys' fees would tend to create a chilling effect on other plaintiffs seeking redress under ERISA. *See, e.g. Palagyi v. Pittsburgh & Conneaut Dock Co.*, 2014 WL 1238517, at *1 (N.D. Ohio Mar. 25, 2014). Further, losing an appeal and facing the potential prospect of paying one's own attorney fees is a deterrent in itself. Accordingly, this factor weighs against granting attorneys' fees.

The fourth consideration, whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA, does not apply when the defendant seeks attorneys' fees. *See Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co.*, 2014 WL 1217664, at *7 (E.D. Ky. Mar. 24, 2014) (citing *Moore*, 458 F.3d at 446). Accordingly, this factor is neutral.

Finally, the Court considers the relative merits of the parties' positions, which is intertwined with the first factor of culpability or bad faith. *See Greene v. Drobocky*, 2015 WL 1737772, at *6 (W.D. Ky. Apr. 16, 2015) (citing *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996)). Although the defendant prevailed, the undersigned does not conclude that the plaintiff's claim was frivolous or obviously without merit. *See, e.g., Warner v. DSM Pharma Chems. N.A., Inc.*, 452 F. App'x 677, 681 (6th Cir. 2011) (denying an award of fees when the merits of plaintiff's claim "appear no more devoid of merit than that of any other losing litigant.").

In summary, while the defendant's success on the merits weighs in favor of granting attorneys' fees, it does not outweigh the remaining factors which strongly support denying the motion. Accordingly, it is hereby

**ORDERED** that the defendant's motion for attorneys' fees [Record No. 73] is **DENIED**.

Dated: November 18, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky